**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOCELYN NOEL; RUTHA JOSEPH; D. N.; R. N.; J. N., | No. 25-4032 |
| Petitioners, | Agency Nos.<br>A220-562-919<br>A220-562-920 |
| v. | A220-562-921<br>A220-562-922 |
| TODD BLANCHE, Acting Attorney General, | A220-562-923 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026**
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Jocelyn Noel, his wife, and their three minor children ("Petitioners") are

natives and citizens of Haiti and Brazil. They petition for review of a Board of

Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where, as here, one member of the BIA summarily affirms an IJ's decision pursuant to 8 C.F.R. § 1003.1(e)(4), "[t]he IJ's decision becomes the final agency action." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). We thus "evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). We review adverse credibility determinations for substantial evidence, *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014), and an adverse credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 850 (2026). The REAL ID Act requires a "healthy measure of deference to agency credibility determinations." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010).

1. Petitioners did not exhaust their legal claims regarding CAT relief and withholding of removal before the BIA and we cannot review these arguments on appeal. A court may review a final order of removal only if the petitioner has "exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). "Exhaustion requires a non-constitutional legal claim to the court on

appeal to have first been raised in the administrative proceedings below . . . ." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Petitioners did not file a timely appeal brief before the BIA, and the BIA's review was therefore limited solely to their Notice of Appeal. Petitioners' Notice of Appeal challenged only the IJ's denial of their asylum application. Accordingly, we cannot review the withholding of removal or CAT relief arguments Petitioners now raise in this court. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023).

2. Petitioners challenge the IJ's denial of their asylum application as to Haiti on the basis that Noel was not credible; their arguments are unavailing. Substantial evidence supports the IJ's adverse credibility determination based on inconsistencies between Noel's testimony and the documentary evidence related to: (1) Noel's assertion that the PHTK and AAA parties were opposed to each other; (2) the party affiliation of Senator Gracia Delva; (3) the date of the attack on a political group meeting resulting in the death of its host, (4) Noel's level of involvement with the AAA party; and (5) the reversal of Noel's name in the letter from Senator Youri Latortue. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). It was not unreasonable for the IJ to rely on these inconsistences, which are supported in the record, and the record does not compel a contrary conclusion.

Considering the totality of the circumstances, the IJ's adverse credibility determination was supported by substantial evidence. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (affirming an adverse credibility determination because the "repeated and significant inconsistencies" deprived petitioner's claim of the "requisite 'ring of truth'").[1]

**PETITION DENIED.**[2]

---

[1] Because the inconsistencies are sufficient to uphold the IJ's adverse credibility determination, we need not consider whether the IJ's unresponsiveness finding was supported by substantial evidence.

[2] The stay of removal will remain in place until the mandate issues. Petitioners' motion to stay removal, Dkt. 2, is otherwise denied.

25-4032